Booth vs. Ryan, impleaded, etc.

31    45
85    435

VENDOR AND PURCHASER. — *Defect in vendor's title to land as defense to foreclosure of mortgage for purchase money — Rights of purchaser as to rescission.*

1. Executory agreements for the purchase and conveyance of land may be rescinded on the ground of a failure of title in the proposed grantor ; but the rule is different where the conveyance has been executed, and possession delivered under it.

2. Grantee of land who has mortgaged it back for purchase money, cannot set up a mere defect in the grantor's title as a defense to a foreclosure of the mortgage, nor ask a rescission of the contract on that ground, but must rely on his covenants..

3. Where, however, the vendor has effected the sale by fraud (as by fraudulently procuring, and exhibiting as true, a false abstract of title), the purchaser, moving promptly upon discovery thereof, may have the contract of sale and the bond and mortgage for the purchase money rescinded.

4. But if the purchaser delays to seek relief, or takes any step in execution of the contract, or does any act recognizing its validity, he waives his right to rescind, and can only recover damages.

5. Thus, where the purchaser, four months after discovering a fraud or mistake in the abstract of title exhibited to him by the vendor, paid $1,000 of purchase money, and seven months later, when another instalment fell due, proposed to pay that, without objecting any fraud or defect of title, and retained the premises without any effort to rescind until a suit to foreclose the mortgage was commenced (some eighteen months after discovery of the facts), he must be held to have waived his right to rescind.

6. If the purchaser, immediately on discovering the defect of title, had communicated the fact to the vendor, and given notice of his intention to rescind unless the defect should be cured, and on making the $1,000 payment had given notice that he adhered to this intention, and did not regard the payment as a waiver, perhaps his right to rescind might have been saved. But the payment, without such notice, was a conclusive waiver.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage. The premises conveyed by the mortgage were a lot in the city of Milwaukee, with dwelling thereon. On the 7th of May, 1866, the plaintiff and his wife

conveyed said premises to the defendant *E. G. Ryan*, by a deed containing covenants of seizin and of general warranty, in the usual form, in consideration of the principal sum of $5,500; and said defendant paid $500 of that sum at the time, and executed his bond and the mortgage here in suit, to secure payment of the remainder.    By the terms of the instruments, $750 were to be paid on the 15th of July, 1866, a like sum on the 1st of November of the same year, and the remainder in instalments of $500 each at intervals of six months, with interest at ten per cent. payable semi-annually; and in case of non-payment of any part of the principal or interest when due, the whole amount thus secured was to become due immediately, at the option of the mortgagee.    This action was commenced in January, 1868; and the complaint avers that the mortgagor has failed to pay the instalments of principal and interest which became due, respectively, on the first days of May and November, 1867; and that in December, 1867, plaintiff notified the mortgagor of his election to consider the whole sum secured by the mortgage as due; and judgment is demanded accordingly.

The answer of the mortgagor (filed in December, 1868), alleged in substance, that by the representations of plaintiff's agent for the sale of the premises, defendant was induced to make the purchase without procuring for himself an abstract of the title, as he had intended to do, but upon the faith of what purported to be such an abstract shown to him by plaintiff's attorney, employed by plaintiff to draft the deed of conveyance to defendant and the note and mortgage by him executed; that said attorney represented the same as a full and complete abstract; that plaintiff's claim of title was under a deed of conveyance from Norman Pratt and wife to one Lutia N. Rice, dated January 4, 1855, and duly recorded; that in fact, before the execution of said last mentioned conveyance, Norman Pratt, by deed dated and recorded May 4, 1854, and duly delivered, had conveyed the premises to one Freeman L.

Pratt and one Jonathan Williams, trustees for Jane Pratt, the wife, and Charles A. and Irene Pratt, the children of said Norman Pratt, and in trust for them, with covenants of seizin and general warranty; that this deed did not appear on said abstract, and defendant had no knowledge of its existence until after the execution and delivery of plaintiff's deed to him, and of the bond and mortgage in suit; that, after the time last mentioned, defendant, relying on said abstract of title, made payments to plaintiff on account of said purchase money, and has paid plaintiff in all, on that account, over $2,000, and has made permanent and valuable improvements on the premises to an amount exceeding $1,500; that, by reason of said conveyance to Pratt and Williams, and the consequent failure of plaintiff's title, defendant has been and is unable to sell or mortgage the premises, as he otherwise could, and cannot safely expend any more money in needed improvements, and the premises, if offered for sale under the judgment of the court, will bring but a small portion of their actual value.

The answer further alleges that said Irene Pratt is an infant of the age of about seventeen years; that when said conveyance from Norman Pratt to said Pratt and Williams was executed, Charles A. Pratt was an infant, but whether he is now of full age, defendant cannot state; that plaintiff has never informed defendant of any conveyance of the premises from Charles A. Pratt to him, said plaintiff, although, after the commencement of this action, defendant was informed and believes that plaintiff declared and gave out that he had procured such a conveyance; that a conveyance of said Charles A. Pratt and wife to plaintiff, executed and acknowledged May 16, 1868, was recorded in the proper office July 18, 1868, and a copy thereof is annexed to the answer; that defendant is not advised of the legal effect of such conveyance, and submits to the court whether it is an absolute or a defeasible conveyance, and whether that question can be safely determined for defendant in an action to which said Charles A. Pratt is not a

party; that plaintiff gives out and declares that said Feeeman L. Pratt and Jonathan Williams have also conveyed said premises to him, said plaintiff, but whether they have done so or not, and, if so, by what form of conveyance, defendant cannot state; that defendant is not advised of the legal effect of such conveyance to convey title enuring to defendant under plaintiff's deed to him, indefeasible by said Jane, Charles A. and Irene Pratt, or some of them, or for their benefit; or whether said Freeman L. Pratt and Jonathan Williams had any power to convey the interest of said Jane, Charles A. and Irene Pratt, or either of them, in said premises; and he submits to the court these questions, and whether they can be determined safely for him in an action to which said Freeman L. Pratt and Jonathan Williams, and said Jane, Charles A. and Irene Pratt are not parties; that he cannot state whether the two conveyances last described were executed upon any, and, if any, upon what consideration, respectively; that he is advised and insists that he is not bound to accept of any title to the premises accruing to plaintiff after his said conveyance to defendant, or different from the title of plaintiff represented by said abstract of title; that the covenants in the conveyance from the plaintiff to him are wholly insufficient to protect him against loss and damage by reason of the failure of plaintiff's title; that when the plaintiff's deed to defendant, and the bond and mortgage in suit, were executed, plaintiff well knew of said conveyance from Norman Pratt to said Pratt and Williams, and fraudulently concealed the same; that, whether this was true or not, plaintiff induced defendant to accept such deed to him, and to execute said bond and mortgage, by misrepresentations of plaintiff's title to the premises, and by the false representation that he then had title as exhibited by said abstract; that if such misrepresentation had not been made, defendant would not have accepted said deed nor executed said bond and mortgage. It is further alleged that the premises are of no present use or value except as a dwelling place, and are incapable of partition.

Upon these averments defendant prays judgment dismissing the complaint, and for costs. The same averments are also repeated as a ground of counterclaim; and two specific prayers for relief are stated in the alternative, with proper allegations of defendant's readiness to perform, etc., and with a demand for general relief. The first prayer is for judgment against the plaintiff, determining the nature and extent of his title to the premises, which did or does enure to defendant, and which defendant ought equitably to be compelled to accept, and the value thereof as compared with the title of the entirety of said premises, and the proportion of the original purchase money and interest which defendant should be required to pay for the title thus enuring to him, and a reasonable time within which the unpaid balance thereof, if any, shall be paid; and that upon such payment, and upon such other terms as the court shall adjudge, the plaintiff surrender defendant's bond to be cancelled, and discharge of record the mortgage in suit.

The alternative prayer is, that an account be taken of the amount paid by defendant as purchase money of the premises, and the amount expended by him on the premises and in improvement thereon, with interest; and of a just allowance for rent from the day of the execution of plaintiff's conveyance to defendant to the day of such judgment, and interest thereon; and that plaintiff pay defendant the balance of such account, and surrender his bond to be cancelled, and satisfy the mortgage of record, upon defendant's executing and delivering to him a sufficient deed of the premises so as fully to reinvest him with the title which defendant derived from him under said deed, and surrendering to him possession of the premises, and upon such other terms as the court shall adjudge.

The trust deed from Norman Pratt to Freeman L. Pratt and Jonathan Williams, and the quitclaim deed from Charles A. Pratt and wife to the plaintiff (under date May 16, 1868), need not be further described.

The plaintiff's reply, in denial of defendant's counterclaim,

alleges that he never authorized his attorney, or the agent or broker by whom the sale of the premises to defendant was negotiated, or any other person, to make any representation whatever to defendant in respect to the title to said property; that he did not agree, and defendant did not require him, to furnish an abstract of the title; that if defendant was influenced in any manner by any statements made by said attorney or agent, plaintiff had and has no knowledge thereof, and ought not to be held responsible therefor. As to the averments in the answer, that when plaintiff's deed and defendant's mortgage were delivered, defendant had no knowledge or information of the title of the premises except from the abstract of title mentioned in the answer, and that he accepted said conveyance in sole reliance, as to the title of the premises, upon said abstract of title, the reply avers that plaintiff has no knowledge or information sufficient to form a belief. It further avers that plaintiff executed and delivered his said deed in full belief that he had a perfect title to said premises in fee simple, and that such title was undoubted of record, and that defendant had fully satisfied himself thereof before accepting the deed, though by what means he had satisfied himself, plaintiff was wholly ignorant. As to the trust deed from Norman Pratt to Freeman L. Pratt and Jonathan Williams, the plaintiff denies that it ever was delivered to the grantees therein named, or that there was any consideration therefor, and alleges that, at the dates of its execution and acknowledgment, Norman Pratt was a married man, and his wife living, and that at said dates, and for many months before, and a year after the same, he, with his wife and their family, occupied said premises as his homestead, claiming the same as such — said premises embracing less than a quarter of an acre, and being within the recorded plat of the city of Milwaukee; that the wife of said Norman Pratt did not join in the execution of the deed to said trustees, and, for want of her signature thereto, as well as for want of delivery and of any consideration, the same was and is wholly void; that after exe-

cuting such void deed, Norman Pratt continued to occupy the premises as his homestead until he made the deed to Lutia N. Rice, under which plaintiff derived title, in which deed his wife, Jane Pratt, joined; that Charles A. Pratt, one of the beneficiaries named in said void deed, was of age when he executed the quitclaim deed mentioned in the answer; that there is no person setting up any claim to the premises adverse to defendant's title; that defendant has not been molested, and is in no danger of ever being molested in the possession or enjoyment of said premises by any person claiming under said pretended trust deed; that defendant had no knowledge, information or suspicion, even, of the existence or record of said deed, until informed thereof by defendant after the commencement of this action; that as soon as he heard thereof he made diligent inquiry as to the circumstances thereof, and soon became satisfied that it did not impair the title of defendant to the premises, yet, desiring to remove the apparent cloud upon such title created by said deed, he procured, at his own expense, and had recorded, the quitclaim deed of Charles A. Pratt and wife, mentioned in the answer; that, in order to cut off any apparent interest of Irene Pratt in the premises under said trust deed, he caused an action to be commenced in Milwaukee county, in July, 1868, in the names of himself and the defendant *E. G. Ryan* as plaintiffs, and against said Irene as defendant, impleaded with said Freeman L. Pratt and Jonathan Williams, alleging, etc.; that the summons and complaint in said action were duly served on said Irene Pratt, who duly appeared and filed the general answer of a minor by her guardian *ad litem;* that on the 20th of November, 1868, judgment was duly rendered in said action in favor of said *Ryan* and this plaintiff against said Irene Pratt, whereby, among other things, it was adjudged that said deed from Norman Pratt to Pratt and Williams as trustees, conveyed no right, title or interest, etc., and was void, etc., and that said Irene Pratt had no right, title, etc., and that said *E. G. Ryan* had a good, perfect and

legal title in fee simple to said real estate, free from any claims arising out of or under said deed, etc.; that said action was prosecuted and said decree procured without expense to said *Ryan;*[*] that after said action was commenced, said Freeman L. Pratt and Jonathan Williams executed in due form to plaintiff their quitclaim deed, for value, of said premises, dated October 21, 1868, and duly recorded November 21, 1868. The plaintiff also denies that his covenants in his deed to defendant are insufficient to protect defendant against loss or damage by reason of the supposed failure of plaintiff's title to the premises. The other allegations of the reply need not be stated. Upon the facts alleged, plaintiff renews his demnad for foreclosure and sale.

The evidence, which was voluminous, will not be stated here. The circuit court found the undisputed facts as to the execution and delivery of the bond and mortgage in suit, and the deed of plaintiff to the mortgagor, and the peaceable and undisturbed possession of the premises by the latter. It also found the facts alleged in the reply as to the occupation of the premises as a homestead, by Norman Pratt and his wife and their two children, on and prior to the 4th of May, 1854; the execution on that day, without any consideration, and without the signature of the wife, of the trust deed to Pratt and Williams, and the recording thereof; the continued occupation of the premises as a homestead by said Norman Pratt and family, until after he and his wife conveyed the same, by deed with full covenants, to Lutia N. Rice; the subsequent, exclusive, continuous, peaceful and undisputed possession of the premises by said Lutia N. Rice and those claiming under her, as absolute owners, until the time of such finding; and the execution and recording of the deeds of quitclaim from Freeman L.

---

[*] It appears from the record that previous to the trial of the present action, the circuit court made an order striking out the name of *Mr. Ryan* as plaintiff in said suit against Irene Pratt, on the ground that the same was commenced and prosecuted in his name without his knowledge or consent.—REP.

Pratt and Jonathan Williams, and from Charles A. Pratt and wife, as alleged in the reply. The court also found the following facts:

" 11. That neither the plaintiff, nor any other person by his authority, made any representations to the defendant *Edward G. Ryan*, prior to the making and delivering of said bond and mortgage, as to the title of the premises so conveyed by him to said defendant.

" 12. That at the time of such conveyance by the plaintiff to the defendant, and of the giving of said mortgage, the plaintiff and defendant were both ignorant of the said deed of Norman Pratt to said Freeman L. Pratt and Jonathan Williams, as trustees; that said plaintiff had no knowledge or information of such deed until after the commencement of this suit, and that the defendant *Edward G. Ryan* was fully informed of such deed, and of the said recording thereof, prior to the month of September, 1866.

" 13. That after being so advised of said deed, and of the record thereof, the said *Ryan*, on the 25th of October, 1866, paid one thousand dollars on account of said mortgage debt, and, in the spring of 1867, promised the plaintiff that he would in a few days pay a further instalment of principal and interest thereon, then due.

" 14. That said defendant, after being advised of said deed and of the record thereof, continued to occupy, use and enjoy as his own property, the said mortgaged premises, and did not inform the plaintiff of said deed, or give him notice of his desire to rescind the purchase of said property by him; and the plaintiff remained ignorant of said deed until after this action was commenced."

As conclusions of law, the court held that said trust deed of Norman Pratt was void for want of the signature of his wife, and conveyed no title to the grantees therein; that the defendant was not entitled to have his purchase of said mortgaged premises rescinded, or to have either of the judgments prayed

for in his answer; and that the plaintiff was entitled to the judgment demanded by him.

Judgment accordingly. The plaintiff excepted to the findings of fact numbered eleven to fourteen, and to the conclusions of law, and appealed from the judgment.

*E. G. Ryan*, appellant, in person, contended, upon the evidence, that the eleventh finding of fact was erroneous; that appellant, seeking without any delay to ascertain for himself the title of the property, was induced by the respondent's agents to rely on an abstract of title which respondent had just procured for the purpose of aiding him in selling the property; that this was a representation of title by the respondent, upon which the purchase was made; that inasmuch as an abstract of title is properly a full and complete history of the title, containing every document relating to or purporting to affect the legal estate, and suppressing none upon the supposition that they do not actually defeat such estate (Dart on Vendors, 143, 144), and inasmuch as the abstract in question wholly suppressed a deed which purports to convey the whole legal estate, so as to defeat the entire title of the respondent, it was a misrepresentation of the title, and, if willfully made, a fraud; and that such a suppression, so convenient and useful in disposing of a lame title, must be presumed to have been intentionally made, in the absence of all attempt to explain its ocurrence. Counsel further contended that the person who made the abstract having been respondent's agent for that purpose, his mistake or fraud in making it was, as between the parties here, the mistake or fraud of the respondent. 2. The defense founded upon misrepresentation of title was not *waived* by the payment of money. *Lawrence v. Gifford*, 17 Pick., 366; *Contributors v. Gibson*, 2 Miles, 324. It is evident from the testimony, that after discovery of the deed suppressed from the abstract of title, it was believed by the appellant and his counsel that the defect could be easily cured by proper conveyances. Hence the subsequent payment. Af-

terwards the minority of Irene Pratt, and the impossibility of procuring a safe title for several years, were ascertained. To establish a waiver by appellant, there must be proof of a deliberate intention on his part to accept the title which he got, in lieu of that for which he bargained. The mere payment of the money is no evidence of such an intention. He had a right to take his own time, to determine on his own course, in the circumstances in which he was placed by the wrong of the respondent. There is no pretense that respondent was misled to his injury, or would in any way be damnified, by the payment to him of money which he was not entitled to receive. 3. The defense is equally good whether the suppressed deed was or was not a valid conveyance. In *Taft v. Kessel,* 16 Wis., 277, 278, this court put all questions in regard to title between vendor and vendee on the same footing, whether there is a conveyance and a mortgage for unpaid purchase money, or an executory contract for the sale and purchase. And equity will not specifically enforce a contract, to force upon a purchaser a doubtful title. Adams' Eq., 84; *Seymour v. DeLancy,* Hopkins, 436; *Hepburn v. Auld,* 5 Cranch, 262. Misrepresentation of a material fact, even by mistake, is always ground of relief, for the rescission of a contract, for the party misled into the contract by such misrepresentation. Indeed this ground is sometimes dealt with as equivalent to fraud. Story's Eq. Jur., § 193; *McFerran v. Taylor,* 3 Cranch, 270; *Rosevelt v. Dale,* 2 Cow., 129; *Lewis v. McLemore,* 10 Yerg., 206; *Bingham v. Bingham,* 1 Ves. Sen., 127; Adams' Eq., 176–179; *Edwards v. McLeay,* Cooper, 308; *S. C.,* 2 Swanst., 287. To the point that the misrepresentation here was a good defense against the mortgage, counsel futher cited Story's Eq., §§ 143, 143 a, 144; *Boyce v. Grundy,* 3 Pet., 210; *Allen v. Hammond,* 11 id., 71; *Smith v. Richards,* 13 id., 36; *Dale v. Rosevelt,* 5 Johns. Ch., 181; *Breckinridge v. Moore,* 3 B. Mon., 635; *Young v. Hopkins,* 6 Monroe, 23; *Campbell v. Whittingham,* 5 J. J. Marsh., 100; *Garnett v. Macon,* 2 Brock., 250. 4. To the point that the

misrepresentation of title might be set up as a *counterclaim*, under the code, counsel cited R. S., ch. 125, sec. 11; *Gleason v. Moen*, 2 Duer, 639; *Allen v. Shackleton*, 15 Ohio St., 145; *Dixon v. Cuyler*, 27 Ga., 248; *Mell v. Mooney*, 30 id., 413. 5. Even if the respondent could avoid the defense here set up, by showing that the suppressed deed was *invalid*, this could not be done ʻin the present action for want of proper parties. The appellant cannot be forced to submit to an adjudication of the invalidity of the deed in a suit to which no one interested under the deed is a party. Counsel enumerated various questions as to the legal effect of such deed, which, he argued, were subjects of grave doubt, and which could not properly be adjudicated here. As to the proposition that said deed was void because the premises were the homestead of the grantor, and his wife did not join in its execution, he argued, (1.) That the premises were not, in a legal sense the grantor's homestead, because he had never *selected* them as such before he and his wife had conveyed and surrendered them. (2.) That the deed of a homestead by the husband is not *void*, but only *voidable*, under the statute (R. S., ch. 134, secs. 23, 24; *Allis v. Billings*, 6 Met., 415), and voidable only at the suit of the wife, brought for that purpose. *Crocker v. Bellangee*, 6 Wis., 645, 668. (3.) That where a wife procures the deed to be executed by her husband alone, for the use of herself and children (as was done in this case), such deed is not voidable even at her suit. (4.) That the restraint upon alienation sought to be created by the statute is void, as in violation of sec. 14, art. I. of the state constitution. 5. Counsel further contended (on grounds which need not be here stated), that the deeds executed to the respondent, since the commencement of this suit, by Charles A. Pratt and by Freeman L. Pratt and Jonathan Williams, were ineffectual to perfect the title; that Irene Pratt, a non-resident infant, had not been brought into court by any valid process, and might, on arriving at her majority, impeach the whole proceeding against her; that the suspension of the present action for a long period, until such deeds were procured,

and the judgment against Irene Pratt obtained, was an admission that appellant had a good defense on the ground of misrepresentation of title; and that the bringing of the action against said Irene, and conducting it to judgment, in the name of the appellant as one of the plaintiffs, without his knowledge or consent, was in itself a fraud, intended to absolve respondent from the consequences of a fraudulent misrepresentation of his title.

*Smith & Stark*, for respondent:

1. The conclusion of the circuit court that the deed of May 4, 1854, by Norman Pratt to trustees, was void for want of the signature of the wife, is supported by *Phelps v. Rooney*, 9 Wis., 70; *S. C.*, 12 Wis., 698; *McCabe v. Mazzuchelli*, 13 id., 478; *Hait v. Houle*, 19 id., 472; *Kent v. Agard*, 22 id., 150. 2. To maintain his defense of fraud, defendant must show, (1) that representations were made by plaintiff, or by his authority, as charged; (2) that he relied upon them, and was induced by them to purchase; (3) that they were material, and that they related to a matter in regard to which one party placed "a known trust and confidence in the other;" (4) that they were false; and (5) that defendant was injured by them. 1 Story's Eq. Jur., §§ 191–197, 203; *Miner v. Medberry*, 6 Wis., 29. But it is clear from defendant's own evidence that none of these conditions were true in respect to the alleged representations in this case. 3. There was continuous, exclusive and undisturbed adverse possession of the premises by *Booth* and those under whom he claimed title, under the deed of January, 1855, for more than 15 years prior to pla tiff's conveyance to defendant. Defendant remained in the peaceable, undisturbed possession of the premises, no one claiming them. The deed supposed to becloud his title was absolutely void, and conveyed no title whatever. Even the seeming claims of parties under that deed have been either released or effectually barred by a judgment of the court. The action against Irene Pratt could be maintained by *Booth* alone (*E. v. Wilcox*, 26 Wis.,

91) ; and the judgment enures to defendant's benefit. That there can be no fraud, in a legal or equitable sense, unless it results in damage to another, see *Ableman v. Roth*, 12 Wis., 81 ; *Castleman v. Griffith*, 13 id., 535 ; *Barber v. Kilbbourn*, 16 id., 485, 489. 4. Even if defendant had shown failure of his title under plaintiff's deed, it would be no defense to the foreclosure, without proof of fraud, or disturbance of possession. *Taft v. Kessel*, 16 Wis., 273, 277, and cases cited ; *Patton v. Taylor*, 7 How. (U. S.), 159. 5. Defendant, by his acts after discovery of the alleged fraud, has deprived himself of all right to relief on account thereof. 1 Story's Eq. Jur., § 203 a. A party claiming to rescind a contract on the ground of fraud, is bound to do so promptly on discovery of the facts. *Pratt v. Philbrook*, 33 Me., 17, 29 ; *Pearsoll v. Chapin*, 44 Pa. St., 9 ; *Knuckolls v. Lea*, 10 Humph., 577 ; *Ex parte Briggs*, L. R., 1 Eq. Cas., 483 ; *Cain v. Guthrie*, 8 Blackf., 409 ; *Hall v. Thompson*, 1 S. & M., 443 ; *Edwards v. Roberts*, 7 id., 544 ; *Akerly v. Vilas*, 21 Wis., 88 ; *Williams v. Ketchum*, id., 432 ; 2 Parsons on Con., 780–782. On the subject of fraudulent representations by the vendor of real estate, and when and how far they authorize a rescission by the vendee, see, further, Adams' Eq. (ed. of 1852), *175–180 ; *Gatling v. Newell*, 9 Ind., 572 ; *Parsons v. Hughes*, 9 Paige, 594 ; *Holland v. Anderson*, 38 Mo., 55 ; *Smith v Mariner*, 5 Wis., 551.

DIXON, C. J. The defendant does not claim a rescission of the contract, and that the deed, bond and mortgage be set aside and the parties restored to their original position, because of the failure of the plaintiff's title at the time of his conveyance to the defendant. Executory agreements for the purchase or conveyance of land may be rescinded on that ground, and the contracts cancelled, but as to executed agreements, or conveyances made and possession delivered or taken under them, the rule is different, and the power has never been exercised. In such case, the rule of *caveat emptor* applies, and mere failure of

title will not suffice to rescind. The purchaser is presumed to have bought at his peril, or to have relied upon the covenants of his deed, to which resort must be had for damages in case of loss or eviction. A rescission will not be decreed. And this principle is freely conceded in the brief of the defendant in person. He says : " The general rule that a defect in the mortgagee's title cannot be set up as a defense against foreclosure of a mortgage given to secure the purchase money, except in case of fraud or misrepresentation, is conceded."

The defense proceeds, and the rescission is claimed, therefore, on the ground of fraud or misrepresentation, and not on that of mere failure or defect of title. The fraud or misrepresentation is alleged to have consisted in the plaintiff's having fraudulently procured a false abstract of title, and presented the same to the defendant as true, on the basis and supposed truth of which defendant was induced to enter into the agreement and make the purchase. This ground of defense, and for the relief demanded in the answer, if established in evidence, and if still open to the defendant, would, no doubt, be valid. But we are of opinion that the defendant is precluded from taking advantage of it, or from availing himself of fraud as a defense, however the fact might be found with respect to it. It is a principle which has been too long and too thoroughly established in our law to admit of any doubt or discussion, either as to the principle itself or the reasons upon which it is founded, that a party claiming to rescind a contract on the ground of fraud must do so promptly on discovery of the facts, and that if he delays, or takes any further steps in the execution of the contract, or does any act recognizing its validity, after discovery, he loses all right to this particular form of relief. Such delay, or other act recognizing the validity of the contract, is regarded as an unqualified waiver of the fraud for this purpose, or as an assent to the contract, notwithstanding the fraud, so far as the right of rescission is concerned. And this is so, whether at law or in equity, and whether the subject of

the contract or purchase be real or personal property. He may recover damages for the fraud by his action at law, where that remedy is proper and the law gives damages; but his right to rescind is lost. In this case the defendant discovered the fraud or mistake in the abstract, and the defect in the title, about one month after he made the purchase, and after the deed, bond and mortgage were executed. About four months afterwards, he made a payment of $1,000 upon the bond. And about seven months later still, when another instalment became due, it appears that in conversation with the plaintiff he proposed to pay that instalment and made no objection on the ground of fraud or defect of title. No objection was taken at the time the $1,000 were paid, and no proceedings were instituted or notice given to, or demand made of the plaintiff to rescind, prior to the commencement of this action, which was about one year and a half after discovery of the facts; and during that time the defendant continued in possession of the premises. These facts, we think, and especially the payment of the $1,000, were an effective waiver of the right to rescind on the ground of fraud.

It is urged that the defendant and his counsel, after discovery of the deed suppressed from the abstract of title, believed that the defect could be easily cured by proper conveyances, and therefore it was lightly regarded. Hence the subsequent payment. If the defendant, immediately on discovering the facts, had communicated them to the plaintiff, and given notice of his intention to rescind unless the defect should be cured, and, adhering to such intention, had given notice thereof at the time of payment, and that the payment was not regarded as a waiver, it is possible the right to rescind might have been saved. But the payment under the circumstances was, we think, within all the authorities upon the subject, a waiver too clear and emphatic to permit of disregard or excuse on the ground suggested.

We think the judgment must be affirmed.

*By the Court.*— Judgment affirmed.

