JOSEPHINE BEDIER v. DENIS J. REAUME, JAY FULLER, AND HIRAM D. WILLMARTH.

*Fraud—Estoppel.*

A bill will not lie by an heir to cancel a deed of her interest in the estate, which she claims was fraudulently secured, and for a reconveyance to her, after she has under the advice of counsel, and with full knowledge of the facts, affirmed the contract by the sale of the purchase-money mortgage given her by the grantee.

Appeal from Wayne. (Reilly, J.) Argued April 13 and 14, 1893. Decided May 31, 1893.

Bill to cancel a deed, and for a reconveyance. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*F. A. Baker* (*Walter Barlow,* of counsel), for complainant.

*Griffin, Warner & Hunt,* for defendants.

HOOKER, C. J. Joseph Coon died intestate, at Dearborn, Wayne county, Mich., on February 11, 1889, leaving a widow and several sons and daughters, among the latter being the complainant, who at that time lived in Montana. Defendant Fuller was appointed special administrator, and later was regularly appointed administrator, of the estate. Defendant Willmarth was his bondsman in relation to the estate to a large amount. He was also one of the commissioners on claims. The estate consisted of a farm of about 400 acres, near Dearborn, some real estate in Detroit, and some personal property. The real estate was inventoried at $78,007, and the personal property at $1,054.45.

On October 3, 1889, the complainant executed a deed of her interest in the estate to defendant Reaume, which was recorded December 7, 1889, on which last mentioned day Reaume executed a mortgage to her upon the city property, of $4,000. He also executed a mortgage for $500 to Mrs. Kenney, receiving from her $500, which, with the $4,000 mortgage, was forwarded to complainant in payment for the deed. The $500 mortgage was recorded with the deed; the $4,000 mortgage was recorded by the complainant at a later date. The negotiations for the purchase were made by defendant Fuller, the administrator, who went to Montana and saw her, and completed the transaction by correspondence. Soon after these transactions the complainant came to Detroit, where she has since resided, and about the middle of February, 1890, she gave an assignment of the mortgage to Willmarth, and received $1,000, the remainder to be paid within a short time. Not receiving it, she employed a lawyer to get it for her, which resulted in the payment to her of the whole amount.

The transaction is not free from suspicion, but it clearly appears that after the complainant's return to Michigan she was informed of the true condition of the estate. She says that she saw that a fraud was being perpetrated upon her, on her return about February 2, 1890, and was told that she had sold too cheap. She appears to have made up her mind to wait, and see how things turned out. She assigned the mortgage, and pursued Willmarth during a period of several months until he had paid for it in full, and about eight months later filed her bill, without making a tender of the money received, praying that her deed be canceled, and that the premises be reconveyed to her, subject to the outstanding mortgages.

Having, under the advice of counsel, deliberately affirmed her contract by the sale of her mortgage, she cannot now obtain the relief prayed. *Carroll v. Rice*, Walk. Ch. 373;

*Merrill v. Wilson,* 66 Mich. 232; *Masson v. Bovet,* 1 Denio, 69; *Cobb v. Hatfield,* 46 N. Y. 533.

The decree, dismissing complainant's bill, will be affirmed.

McGRATH, LONG, and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.