ANDREW M. GALLAGHER, APPELLANT, V. THOMAS J. O'NEILL ET AL., APPELLEES.

FILED APRIL 4, 1907.  No. 14,711.

Conveyances: RESCISSION. The grantor of real estate who seeks to set aside a conveyance on the ground of fraud must act promptly upon the discovery of the fraud and tender back the purchase price, and, if after such discovery, he remains silent and uses negotiable paper given as a part of the consideration, or retains the purchase price, he will be held to have waived his right to rescind and to have affirmed his contract.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Smyth & Smith,* for appellant

*F. A. Brogan, contra.*

EPPERSON, C.

On July 21, 1903, plaintiff Gallagher was the owner of a certain lot in South Omaha. At that time defendant O'Neill was engaged in the real estate business, and, for the purposes of this decision, we assume that he became plaintiff's agent to effect the sale of the lot in question, that he purchased the property himself and did not disclose to his principal a material increase in its value, and that plaintiff, upon the discovery that defendant was the purchaser, had the right to rescind. This suit was brought for that purpose. The district court found "that the plaintiff, with full knowledge of the fact that the real estate in question was in fact purchased by the defendant O'Neill for his own use, elected to retain and use the consideration received by the plaintiff for the said conveyance, and delayed for an unreasonable length of time, without lawful excuse therefor, to demand a rescission of the said sale and a reconveyance of the said real estate, and that thereby the said plaintiff has waived and lost his

right to rescind the said conveyance," and dismissed the action. Plaintiff appeals.

The facts, as we understand them, are as follows: In September, 1903, plaintiff Gallagher conveyed the lot to Miss Tylee, who held the legal title in trust for her brother-in-law, the defendant O'Neill. Four or five months after the deed was executed, plaintiff was informed that defendant was the real owner of the property. About six weeks after receiving this information, Gallagher placed the secured notes given by Miss Tylee as part of the purchase price with the Packers National Bank as collateral security. In his letter to the bank is the following: "I enclose herein two notes No. 1 and No. 2 for ($450.00) each covered by mortgage on the west 40 ft. of the east 90 ft. lot 8, block 80, the property sold by me to Genevieve Tylee. This paper I wish to put up with you as collateral. I have recently purchased a lot at the corner of 25th and A Sts., South Omaha, at a very reasonable figure, and I think I will be able to make some money on it this summer. I have made a deposit of $50 on it, and balance of $600 will be payable when the abstract is brought down to date, which will probably be within the next three or four days. I do not desire to sell these notes, because I wish to retain them, so if property along O street takes a spurt I can commence action against O'Neill for what I think he beat me out of. If the paper was to be passed from my hands I could not very readily do what I want. I want to deposit this paper with you as collateral, and when I make the final payment on this lot I want you to make me a note for $600 for six months, which will carry it over the date of the payment of the first Tylee note." The bank accepted the collateral, made the loan requested, and held the Tylee notes until the trial of this case in the court below. In May, 1904, Gallagher consulted attorneys as to his rights in the premises, but no steps were taken until June, 1905, when plaintiff's attorneys wrote O'Neill of plaintiff's contention that defendant was the real purchaser, and demanded a reconveyance or the payment of

damages. This was O'Neill's first intimation that Gallagher was dissatisfied with the deal, although Gallagher had many opportunities to make known to O'Neill his dissatisfaction, if any. Gallagher had actual knowledge that O'Neill was the purchaser and owner of the property for nearly a year and a half, yet during that time he not only remained silent and made no effort to rescind the contract, but actually used the consideration received, and deposited the notes as collateral. After the property raised in value, and prior to November, 1903, plaintiff decided to sue for damages, and admits that thereafter he used the consideration received for the deed. He did not conclude to rescind the conveyance until May, 1904, and did not inform defendant of his intention to rescind until June, 1905. He contends that he did not know until a very short time before this suit was instituted that in fact the defendant was the purchaser. But the evidence above referred to, we think, refutes this contention. It appears that, when defendant responded to the letter written to him by plaintiff's attorneys and acknowledged that he was the purchaser, plaintiff did not learn that fact for the first time, but was surprised that defendant should admit it.

Was the district court justified in holding that plaintiff had waived and lost his right to rescind the conveyance? In *American B. & L. Ass'n v. Rainbolt*, 48 Neb. 434, POST, C. J., says: "There is no rule more firmly established, or resting upon more just and equitable principles, than that the right of rescission on account of fraud must be promptly exercised on discovery of the ground therefor, and that the continued use or employment of property will, in such case, be construed as an election to affirm the contract under which it is received. The party defrauded has his election of remedies, viz., compensation in damage, or to be restored to the position in which he stood before the consummation of the contract. Such remedies are, however, not concurrent, but inconsistent, and one who has, with a knowledge of the facts, made his

election, must abide it"—citing 1 Addison, Contracts, sec. 312; Pollock, Contracts (3d ed.), p. 537; Bishop, Contracts (2d ed.), sec. 204 *et seq.; Brown v. Waters*, 7 Neb. 424; *Building and Loan Ass'n v. Cameron*, 48 Neb. 124; *Schiffer v. Dietz*, 83 N. Y. 300; *Strong v. Strong*, 102 N. Y. 69; *Grymes v. Sanders*, 93 U. S. 55. In *Grymes v. Sanders, supra,* it is said: "Where a party desires to rescind, upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted." In *Booth v. Ryan*, 31 Wis. 45: "It is a principle which has been too long and too thoroughly established in our law to admit of any doubt or discussion, either as to the principle itself or the reasons upon which it is founded, that a party claiming to rescind a contract on the ground of fraud must do so promptly upon discovery of the facts, and that if he delays, or takes any further steps in the execution of a contract, or does any act recognizing its validity, after discovery, he loses all right to this particular form of relief." See, also, *McLean v. Clapp*, 141 U. S. 429; *Naugle v. Yerkes*, 187 Ill. 358; *Bedier v. Reaume*, 95 Mich. 518; *Merrill v. Wilson*, 66 Mich. 232; *Whitcomb v. Hardy*, 73 Minn. 285; *Thomas v. McCue*, 19 Wash. 287; *Francis v. Kerker*, 85 Ill. 191; *Bassett v. Brown*, 105 Mass. 551; *Kelley v. Newburyport & A. H. R. Co.*, 141 Mass. 496; *Raymond v. Palmer*, 41 La. Ann. 425. It seems clear from the foregoing authorities that plaintiff waived his right to rescind, or, in other words, acquiesced in or affirmed the conveyance, after learning that defendant was the purchaser.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.