MILTON W. ENSIGN, APPELLEE, V. CITIZENS INTERURBAN
RAILWAY COMPANY, APPELLANT; LAURA T. FUNK ET
AL., APPELLEES.

FILED NOVEMBER 13, 1912.    No. 16,829.

1. Vendor and Purchaser: NOTICE. A purchaser of a tract of land
situated near a projected and surveyed line of street railway and
boulevard is not thereby charged with notice that by a subse-
quent change of such projected route a part of his purchase may
be taken for such public improvement.

2. Eminent Domain: REMEDIES. If by a subsequent change of loca-
tion a part of his land is so taken, and he, without objection,
acquiesces in such appropriation, he will not be permitted to
regain possession by an action in ejectment, but under proper
pleadings in such a suit may recover the value of his land so
taken.

3. Contracts: RESCISSION. Where a suburban landowner, in considera-
tion of the location, construction and dedication of an interurban
railway and boulevard across his premises, enters into a written
contract to convey to the street railway company a part of his
land for right of way purposes, and thereafter seeks to rescind
his contract on the ground of fraud or mistake, he must act
promptly and make known his intention to rescind upon his dis-
covery of the facts.

4. Specific Performance: CONTRACT FOR RIGHT OF WAY. If, with full
knowledge of all of the facts upon which he relies for a rescission
of his contract, he remains silent and acquiesces in the construc-
tion of the improvement and the dedication of the boulevard to
the public use, a court of equity may require him to specifically
perform his contract.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed as to appellee Ensign
and reversed with directions as to appellees Funk.*

*E. J. Hainer*, for appellant.

*Shepherd & Ripley, Greene & Greene* and *George A.
Adams, contra.*

BARNES, J.

This action was brought by Milton W. Ensign as a suit in ejectment to recover the possession of a strip of land which is covered by a boulevard and the right of way of the defendant, the Citizens Interurban Railway Company. The defendant by its answer alleged, in substance, that on or about the 1st day of March, 1908, one Laura T. Funk, then the owner of the land in question, described as lots 48 and 52 in the northeast quarter of section 6, township 9, range 7, being desirous of obtaining a boulevard 150 feet in width and a line of street railway from the corn.. of Twenty-sixth and South streets in the city of Lincoln to the village of College View, over and across her said premises, made an agreement with the defendant company for such boulevard to be constructed and dedicated as a public highway, and agreed to convey to the said company or its assigns by good and sufficient special warranty deed, from said lots 48 and 52, 7½ acres, including the right of way for its interurban railway track and boulevard; that the defendant company, in good faith, relied upon her agreement, and, in pursuance of the terms and conditions thereof, did proceed to obtain the right of way for the boulevard, and caused preliminary surveys to be made of said line or route across her land and the lands of others, and thereafter proceeded diligently with the locating, laying out, establishing, building and constructing said line, and thereby performed its part of the agreement; that plaintiff Ensign had full notice and knowledge of the contract between Mrs. Funk and the company, and was induced to purchase the premises in question by reason thereof; that the contract with Mrs. Funk rested in parol until about May 1, when the same was reduced to writing and duly executed. The defendant company prayed that Laura T. Funk and Ancil L. Funk, her husband, be required by the decree of the court to convey to the company the premises described in the agreement above mentioned; that any right, title or claim of the plaintiff Ensign in and

to any part of the public road, boulevard or strip of land 150 feet in width be declared to be subject, junior and inferior to the rights of the defendant and the public.

After the defendant company filed its answer, Laura T. Funk and her husband, Ancil L. Funk, were made parties defendant, each of whom filed separate cross-answers. In the answer of Laura T. Funk it was alleged, in substance, that the agreement set forth in the answer and cross-petition of the defendant company was procured from her by fraud and misrepresentation in this: That some months prior to May 1, 1908, she agreed, under certain conditions, to dedicate to the public and the defendant company the right of way for a boulevard and electric car line 150 feet wide, running in an easterly and westerly direction through the south half of the west 10 acres of lot 52 to the village of College View, Nebraska; that all the negotiations with reference to the agreement were conducted on her part by Ancil L. Funk, who in that particular matter acted as her agent; that she was ignorant of all matters and facts connected with the transaction, save only that she signed or authorized said Ancil L. Funk to sign the particular agreement referred to at his request; that on or about May 1, 1908, the defendant company, at a time when Ancil L. Funk was away from home, and when it was impossible for her to communicate with him, came to her at her home in the city of Lincoln with a document, probably the original contract attached to the cross-petition of defendant company, and falsely and fraudulently represented to her that said contract was, to all intents and purposes, identical with the contract theretofore made between her and the defendant company; that it referred to exactly the same land described in said contract; that it provided for the conveyance of said land to the same party described therein, and that the only difference between it and the original agreement was in matter of form; that the representations so made to her were false and untrue; that the contract was not, to all intents and purposes, identical with the agreement there-

tofore made; that it referred to different land entirely from that described in the former agreement, and provided for the conveyance to a different party from that described therein, and differed from the contract in all material respects in substance and intent; that, relying upon said representations, she executed and delivered said last named contract to the defendant company.

The reply of plaintiff, Ensign, was in the nature of a denial, and concluded with a prayer that the court determine the amount of damages he had sustained, in case it was found that he was entitled to recover. The defendant company replied to the answer and cross-bill of Laura T. Funk by a general denial. There was a trial to the court without the intervention of a jury, and a finding for plaintiff Ensign, and a judgment in his favor against the defendant company for $350. The court also found that the contract executed between the company and the Funks was obtained by fraud or mistake, and denied any relief to the defendant company. From that judgment the railway company has brought the case to this court on appeal.

From the foregoing it appears that the issues to be determined between the plaintiff, Ensign, and the defendant railway company are: First. Did the plaintiff, at the time of the purchase of his tract of land from the Funks, have notice of such circumstances as to put him on his guard, and call for an inquiry with respect as to where the company had a right to permanently locate its line upon and across the premises in question? Second. If he did not have such notice, and purchased his land in good faith, what is the reasonable value of the land taken by the company, and which he seeks in this action to recover? The issues between the defendant railway company and Laura T. Funk are: First. Was the contract sued upon obtained from her by fraud and misrepresentation? Second. Can Laura T. Funk rescind the contract executed between her and the defendant railway company on account of fraud or mistake, without having given

prompt notice of her intention to rescind it upon the discovery of the facts in relation thereto? Third. Can Laura T. Funk rescind the contract on account of fraud or mistake, after having full notice of the facts, and permitting the defendant company to expend large sums of money in locating, building, constructing, equipping and putting in operation the railway and boulevard in question?

In considering the questions at issue between the plaintiff, Ensign, and the defendant railway company, it appears that when Ensign purchased his tract of land from Mrs. Funk in April, 1908, there had been a preliminary survey of the proposed line of street railway and boulevard; that its location, as evidenced by the stakes then upon the ground, indicated that no part of the Ensign purchase would be taken for either the railway or boulevard. It appears that he obtained his deed from the Funks on April 20, 1908, and immediately filed it for record in the office of the register of deeds; that while he was absent from the state some time in the latter part of August, 1908, the line was changed; that the construction proceeded on such new line, and when completed there was taken from Ensign's tract, without his consent, about three-tenths of an acre thereof. We are of opinion that he was not required by anything contained in this record to presume or expect that when the road was constructed any part of his land would be taken for that purpose. Therefore, the finding of the district court upon that point should be sustained.

We are also of opinion that under all the circumstances, as shown by the record, Ensign should not be permitted to oust the defendant company from its possession of that part of his land actually taken and occupied for the railway and the boulevard in question, but is entitled to recover the value of his land so taken. We also find sufficient evidence in the record to sustain the judgment of $350 awarded him by the trial court; and the decree appealed from, so far as it relates to plaintiff, Ensign, is affirmed.

Upon the issues between the defendant railway company and the cross-petitioners, Laura T. and Ancil L. Funk, we find that the evidence shows, without serious dispute, that the Funks entered into a contract with the defendant railway company, which was afterwards reduced to writing, and signed by both parties, as alleged in defendant's answer and cross-petition, by which, in consideration of the construction and operation of an electric street railway and a boulevard from Twenty-sixth and South streets in the city of Lincoln to Union College in the village of College View, they agreed to convey to the defendant railway company $7\frac{1}{2}$ acres of land, including a strip of 150 feet in width for the right of way of the street railway and boulevard out of lots 48 and 52, situated in the northeast quarter of section 6, township 9, range 7, in Lancaster county, Nebraska; that the written contract was not obtained by fraud, misrepresentation or mistake; that the claim that the written contract provided for a route different from the one described in the original agreement is without foundation; that the street railway and boulevard run through said tracts of land in an easterly and westerly direction, as described in their original contract; that the defendant railway has complied with and performed all of the conditions, stipulations and agreements contained in the written contract on its part; that the Funks have obtained the benefits expected therefrom, and at all times have had full knowledge of any and all changes of location, including the one finally adopted for the construction of the street railway and boulevard; that during the progress of such construction they demanded from the officers of the street railway company payment for the corn growing on the proposed right of way, and in that behalf finally received therefor the sum of $100; that they made no claim of fraud, misrepresentation or mistake, and gave no notice to the railway company of any desire on their part to rescind their contract until long after the street railway was constructed and in operation, and the boulevard was

completed and dedicated to the public as a highway. It follows that, if the Funks were induced to sign the same through fraud or mistake, by their subsequent conduct they are now estopped to rescind it.

In the case of *Gallagher v. O'Neill*, 78 Neb. 671, the following language found in *Booth v. Ryan*, 31 Wis. 45, was quoted with approval: "It is a principle which has been too long and too thoroughly established in our law to admit of any doubt or discussion, either as to the principle itself or the reasons upon which it is founded, that a party claiming to rescind a contract on the ground of fraud must do so promptly upon discovery of the facts, and that if he delays, or takes any further steps in the execution of the contract, or does any act recognizing its validity, after discovery, he loses all right to this particular form of relief."

In the case of *Grymes v. Sanders*, 93 U. S. 55, it was held: "Where a party desires to rescind, upon the ground of mistake or fraud, he must, upon discovery of the facts, at once announce his purpose, and adhere to it." The same doctrine was announced by this court in the case of *American Building & Loan Ass'n v. Rainbolt*, 48 Neb. 434.

We therefore find that the defendants Laura T. Funk and Ancil L. Funk should be required to convey to the street railway company so much of lots 52 and 48, above described, as is now embraced in the strip of land 150 feet wide, occupied by the street railway and boulevard over and across their said lots; and as to the remainder of the 7½ acres mentioned in their contract, if any there be, the description thereof is so indefinite that a court of equity will not require its specific performance.

It follows that the decree of the district court, so far as it relates to the issues between the defendant railway company and Laura T. Funk and Ancil L. Funk, should be, and is, reversed, and the cause is remanded to the district court, with directions to render a decree in harmony with this opinion.

JUDGMENT ACCORDINGLY.